METROPOLITAN NATIONAL BANK OF MINNEAPOLIS v.
GOPHER LATH & FUEL COMPANY.[1]

February 18, 1927.

No. 25,826.

**Cost of reproduction new is "present market replacement value" of equipment of plant.**

The present market replacement value of the equipment of a plant, as determined by an appraisal for which a contract of sale provided, is *held* to be the cost of reproduction new, as it was construed by the parties.

Sales, 35 Cyc. p. 98 n. 19; p. 102 n. 71.

Defendant appealed from an order of the district court for Hennepin county, Leary, J., denying its motion for judgment notwithstanding the verdict or a new trial.    Affirmed.

*Herbert T. Park* and *Edward Lucas*, for appellant.
*Allen & Fletcher* and *John O. Loeffler*, for respondent.

DIBELL, J.

Action to recover the amount remaining due on a contract of sale by the American Drug & Chemical Company to the defendant Gopher Lath & Fuel Company, the contract having been assigned to the plaintiff as collateral.    There was a verdict for the plaintiff and the defendant appeals from the order denying its motion for judgment notwithstanding the verdict or a new trial.

On August 15, 1924, the American Drug & Chemical Company, as vendor, entered into a written contract with the Gopher Lath & Fuel Company, as vendee, for the sale of the equipment and stock on hand of a sweeping compound plant in Minneapolis.    The contract provided that a complete inventory and appraisal should be taken by the Northern Appraisal Company with instructions to appraise and inventory "at the present market replacement value

[1]Reported in 212 N. W. 459.

of the equipment and stock on hand." The valuation determined upon said appraisal was the purchase price. The defendant paid $500 in cash and took possession. Within a few days the appraisal was made. No specific instructions were given to the appraisal company. They placed a so-called reproduction value, representing the market price new, upon the equipment. No question is made as to the appraisal of the stock. The inventory and appraisal were delivered to the defendant forthwith. The appraisal fixed the value at $5,664.10. An invoice was delivered to the defendant. It showed the defendant as debtor and the drug company as creditor and recited that the purchase price as per appraisal was $5,664.10. On September 27, 1924, the drug company assigned the contract to the plaintiff bank, the defendant assenting thereto. The defendant made the payments of $500 each which became due in September, October, November and December, 1924, and those which became due in January and February, 1925. On March 19, 1925, a receiver was appointed for the drug company. No payments were made afterwards. Up to this time no complaint had been made that the appraisal or reproduction value of $5,664.10 was not correct. No complaint was made that the invoice was not correct. None of the officers of the defendant testified at the trial. The defendant accepted notice of the assignment of the contract to the bank on September 27, 1924, and agreed to make payments to the bank. If there was doubt of the meaning of market replacement value at the beginning there is none now. In an account stated a memorandum in the form of the invoice given to the defendant and accepted and kept would be conclusive. There can be at this time, under the circumstances stated, no controversy.

Order affirmed.